# EXHIBIT A

## TO THE VERIFIED COMPLAINT
## OF PLAINTIFF GOLDEN HORN SHIPPING CO., LTD.



# EXHIBIT B

# TO THE VERIFIED COMPLAINT
# OF PLAINTIFF GOLDEN HORN SHIPPING CO., LTD.

# APUS NEGOTIATIONS EMAIL Exchange with Norvik Bank

Quote

-----Original Message-----
From: kd@kdconsulting.bz [mailto:kd@kdconsulting.bz]
Sent: Thursday, June 13, 2013 10:24 PM
To: 'Jelena Čurko', kd@kdconsulting.bz
Cc: "Jelena Rusakova", asvir@norvik.lv
Subject: Apus bb

Dear Ms Jelena,

thank you fro your comments, which Charterers accept/ except

Bare boat charterers have following cmments
- clause 3 a , b, c to remain as printed - ok, remain as printed OK
- clause 6 to remain as printed- ok, remain as printed, OK
- clause 9 , charterers bare boat charter the vessel as is where is with all provisions and spares on board, they will only pay for bunkers on delievry
  please advise qtty of bunkers on delivery - will replay tomorrow, OK
- clause 11 b paragrpahs (i) and (ii) to read

> (i) 5 days after signing bare boat charter, the Charterers to pay to the Owners an advance payment in the total amount of USD 400.000,- (four hundred thousand US dollars), and
>
> (ii) the rest part of hire due to the owners in the total amount of USD 2.300.000,- (two million three hundred thousand US dollars) should be paid to the Owners by 48 monthly
>
> equal instalments, 30 days in advance commencing on the date of vessel's delivery

- clause 13 charterers have great difficulty to understand this clause and they need your clarification of the meaning and purpose of it
    - this is terms about insurance covarage distrubution
  13h stipulates that insurance proceeds will be paid to Norvik Banka only but bb charterers claim they need to beon the list of insurance distribution proportionally
    to all monies paid before the vessel was totally lost

13k was delted but you indicated to insert a value of the vessel of 2.4 million Euro in box 29. BB Charterers contest this by saying purchase value of the vessel is usd 2.7 million and
    if the Bank needs to declare higher insured value they should be responsible for the difference in insurance premium, ( please comment)


- clause 14 h to remain as printed - cl. 13 and 14 are options, so should be left only one clause
    14 k we need to discuss it - cl. 13 and 14 are options, so should be left only one clause cl 14 to be delted then in full
- clause 15 they want to incorporate shares transfer agreement - please clarify what did you meant?
- clause 30 c any referral to the Law of Latvia or Aarbitration in Riga to be deleted. Only english Law and Arbitration in London to apply - agreed, OK

- clause 31 to read inter alia - not agreed, should be in our initial wording

The Charterers and Owners further represent and warrants that:

    (i)   its has full rights, power and authority to enter into this Charter and to carry out the transactions contemplated by this Charter and each document or instrument to be executed and delivered in respect of this Charter;

    (ii)   there is no valid restrictions (including but not limited to the restrictions set out in Charterers' Articles of Association, or as otherwise stipulated by the Directors or members or any other persons managing Charterers) to execute this Charter by Charterers (incl. as represented by a person signing this Charter on behalf of Charterers);

    (iii) no waiver and/or consent and/or approval of any person or institutional body is required (or it is received before entering into this Charter) in connection with the execution, delivery and performance of this Charter and transactions contemplated by this Charter;

    (iv) the execution of this Charter does not conflict and/or violate any other agreement to which it is a party and does not conflict and/or violate any obligation which is inconsistent with the execution of this Charter or any transaction contemplated by this Charter.


And we have additional amendments:OK

Box 29 to be indicated 2.400.000 EUR see comments above
clause 8 first sentence after words "consent of the Charterers" to be amended with "which shall not be unreasonably withheld" OK
clause 10 (a) (i) last two sentences remain as printed OK
clause 10 (a) (ii) Classification society could be changed obtaining prior written approval of the Owners - THIS IS CRUCIAL POINT TAHT CLASSIFICATION SOCIETY MUST AND WILL BE CHANGED
    TO RMRS otherwise charterers can not flag the vessel in RF or operate their busines
clause 10 (a) (iii) remain as printed OK
claus 13 (a) corrected to be read in the following wording:OK
    (a) During the Charter Period the Vessel shall be kept insured by the Charterers at their expense against hull and machinery, war and Protection and Indemnity risks (and any risks against which it

is compulsory to insure for the operation of the Vessel, including maintaining financial security in accordance with sub-clause 10(a)(iii)) in such form as the Owners shall in writing approve, which approval shall not be un-reasonably withheld. Such insurances shall be arranged by the Charterers to protect the interests of both the Owners and the Charterers and the mortgagee(s) (AS "NORVIK BANKA"),provided that amount of insurance compensation shall be due to the Charterers only in the amount necessary for ordinary Vessel repair and obtaining prior written approval of the mortgagee(s) (AS "NORVIK BANKA"), ~~and the Charterers shall be at liberty to protect under such insurances the interests of any managers they may appoint.~~ Insurance policies shall cover the mortgagee(s) (AS "NORVIK BANKA"), Owners and the Charterers according to their respective interests and observing above provisions. Subject to the provisions of the Financial Instrument, if any, and the approval of the Owners and the insurers, the Charterers shall effect all insured repairs and shall undertake settlement and reimbursement from the insurers of all costs in connection with such repairs as well as insured charges, expenses and liabilities to the extent of coverage under the insurances herein provided for.

The Charterers also to remain responsible for and to effect repairs and settlement of costs and expenses incurred thereby in respect of all other repairs not covered by the insurances and/or not exceeding any possible franchise(s) or deductibles provided for in the insurances. without asking any reimbursement from the Owners.

All time used for repairs under the provisions of sub-clause 13(a) and for repairs of latent defects according to Clause 3(c) above, including any deviation, shall be for the Charterers' account.

claus 13 (d) corrected to be read in the following wording:
(d) Subject to the provisions of the Financial Instrument, if any, should the Vessel become an actual, constructive, compromised or agreed total loss under the insurances required under sub-clause 13(a), all insurance payments for such loss shall be paid to the mortgagee(s) (AS "NORVIK BANKA"). The Charterers undertake immediately to notify the Owners and the mortgagee(s) (AS "NORVIK BANKA"), if any, of any occurrences in consequence of which the Vessel is likely to become a total loss as defined in this Clause.SEE COMMENTS ABOVE
claus 15 remain as printed, DO NOT UNDERSTAND BY THE TIME THE VESSEL COMLETS HER CHARTER SHE BECOMES THE PROPERTY OF BB CHARTERER
claus 25, 26, 29 remain as printed NOT ACCEPTED
clause 28 (ii) (1) remain as printed NOT ACCEPTED
clause 28 (d) corrected to be read in the following wording
Either party shall be entitled to terminate this Charter with immediate effect by written notice to the other party in the event of an order being made or resolution passed for the winding up, dissolution, liquidation or bankruptcy of the other party (otherwise than for the purpose of reconstruction or amalgamation) or if a receiver is appointed, or if it suspends payment, ceases to carry on business or makes any special arrangement or composition with its creditors or in the event of sale of the Vessel. :OK

Attached please find deed of undertaking and POA in security of Bank mortgages which should be executed/notarised (by the norary certyfying authority of person signed deed and POA on behalf of the Charterers).

Also attached please find 2 amendments to BB.

Kind regards, Jelena best regards Chris Plocienniczak

--
Best regards,
Jelena Churko
Senior lawyer

**JSC "NORVIK BANKA"**

E-mail: jelena.curko@norvik.lv
Phone: +371 67011567 (2130)
Web: www.norvik.lv

---

**From:** kd@kdconsulting.bz [mailto:kd@kdconsulting.bz]
**Sent:** Thursday, June 13, 2013 11:01 AM
**To:** Jelena Čurko; kd@kdconsulting.bz
**Cc:** 'Jelena Rusakova'
**Subject:** Re: Apus bb

Dear Ms. Jelena Churko,

Thank you for your email.

Taking into consideration substantial time difference between all parties concerned who are located in Riga, Vladivostok and New York I would appreciate you could expedite your comments asap.

brgds

Chris Plocienniczak
+1 917327 8048

-----Original Message-----
**From:** Jelena Čurko [mailto:jelena.curko@norvik.lv]
**Sent:** Thursday, June 13, 2013 03:50 AM
**To:** kd@kdconsulting.bz
**Cc:** "Jelena Rusakova"
**Subject:** RE: Apus bb

Good day!

your e-mail received and will send you reply to your comments in respect of BB later today.

Kind regards, Jelena

--
Best regards,
Jelena Churko
Senior lawyer

**JSC "NORVIK BANKA"**