UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                       :

GOLDEN HORN SHIPPING CO. LTD.,       :

                         Plaintiff,   :

                                     :          14-CV-2168 (JPO)

              -v-                 :

                                     :         OPINION AND ORDER

VOLANS SHIPPING CO. LTD. and NORVIK  :

BANKA,                                :

                         Defendants. :

                                     :
----------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

     Plaintiff Golden Horn Shipping Co, Ltd. ("Golden Horn"), appeals from Magistrate

Judge James Francis IV's order denying its request to compel Defendants to deposit funds,

currently under attachment, with the registry of the Court.

     Golden Horn contends that this Court ought to review *de novo* those portions of Judge

Francis's opinion to which Golden Horn has objected.  (Dkt. No. 42, Golden Horn's Objections,

at 5).  But Golden Horn cites the standard of review for a report and recommendation on a

*dispositive* motion.  Here, Golden Horn objects to a pre-trial order.  A district court will not set

aside a magistrate judge's decision on a nondispositive matter unless it "is clearly erroneous or is

contrary to law."  Fed. R. Civ. P. 72(a); *see Passlogix, Inc. v. 2FA Tech., LLC*, No. 08 Civ.

10986 (PKL), 2010 WL 1789929, at *4 (S.D.N.Y. May 4, 2010).  "A magistrate judge's decision

is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a

mistake has been committed.'"  *Galland v. Johnston*, No. 14 Civ. 4411 (RJS), 2015 WL

1290775, at *4 (S.D.N.Y. Mar. 19, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242

(2001)).  A decision is "'contrary to law' if it 'fails to apply . . . or misapplies relevant statutes,

case law, or rules of procedure.'"  *Dilworth v. Goldberg*, No. 10 Civ. 2224 (JMF), 2014 WL

3798631, at *13 (S.D.N.Y. Aug. 1, 2014) (quoting *MASTR Adjustable Rate Mortgs. Trust v. UBS Real Estate Sec. Inc.*, No. 12 Civ. 7322 (HB), 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013)).

Judge Francis denied Golden Horn's application on two grounds.  First, he held that the admiralty and civil rules do not give courts the power to force a defendant to deposit attached funds into the Court's registry in these circumstances.  (Dkt. No. 39, Memorandum and Order, at 14.)  Second, he held that he would not order a deposit even if he had the power to do so because Golden Horn could not raise any serious concern that the funds are not secure where they are. (*Id.*)  This Court need not, and does not, decide whether or not it has the power to order a deposit because it is clear that Golden Horn's objections to Judge Francis's second holding are without merit.

Golden Horn contends (1) that Judge Francis was insufficiently solicitous of its concern that the attached funds are not currently earning interest and (2) that Judge Francis cursorily dismissed its concerns that the funds are insecure.  But, even now, Golden Horn cannot point to any plausible reason to worry that the attached funds—let alone the more than $56 million that Norvik maintains in its correspondent account—will not be available in the event of a judgment. Thus, although Judge Francis does not address Golden Horn's objections regarding interest, the Court is left quite far from "the definite and firm conviction that a mistake has been committed." *Galland v. Johnston*, 2015 WL 1290775, at *4.  The mere fact that the attached funds are not earning interest is insufficient, on its own, to justify a departure from the ordinary practice in maritime attachment cases.  And Golden Horn's contention that Norvik will be using the funds for its own benefit during the pendency of this case is a red herring.  Although Norvik may need to keep the attached funds in its correspondent account for certain Latvian regulatory purposes,

there is simply no reason to believe that Norvik will—or even that it will be able to—remove the attached funds from the account.  The funds are, after all, subject to a writ of attachment.

Accordingly, Golden Horn's Objections (Dkt. No. 42) to the Magistrate Judge's Order (Dkt. No. 39) are OVERRULED.


SO ORDERED.

Dated: June 30, 2015
       New York, New York

_____
          J. PAUL OETKEN
      United States District Judge